12068

EVANS v. TOWN OF EDGEFIELD

(137 S. E., 208)

CONSTITUTIONAL LAW—EMINENT DOMAIN—MUNICIPAL CORPORATION, HAVING COMPLIED WITH STATUTORY REQUIREMENTS, MAY CONDEMN LAND FOR STREET, AND SUCH CONDEMNATION IS NOT TAKING WITHOUT DUE PROCESS OR JUST COMPENSATION (CIV. CODE 1922, § 4500).—Municipal corporation, having complied with Civ. Code 1922, § 4500, has full power to condemn land for purpose of opening a street, and such condemnation is not taking without due process of law or just compensation, since both method of determining compensation and for condemnation of land is fixed by statute.

Before MAULDIN, J., Edgefield, October, 1925. Affirmed.

Action by Mary M. Evans against the Town of Edgefield to enjoin defendant from condemning lands for street purposes. Decree for defendant, and plaintiff appeals.

The decree of the Circuit Judge, which was affirmed on appeal, is as follows:

The plaintiff herein instituted her action in the Court of Common Pleas for Edgefield County, S. C., against the de-

fendant, for the purpose of restraining and enjoining the said defendant from entering upon and condemning a part of her lands for the purpose of opening a street within the corporate limits of the Town of Edgefield.

The plaintiff applied to his Honor, J. W. DeVore, Judge of the Eleventh Judicial Circuit, on her verified complaint, for a rule to show cause why the defendant should not be enjoined; and thereupon Judge DeVore issued a temporary injunction, enjoining and restraining the said defendant, its servants, and agents, from entering upon the premises of the plaintiff and committing any acts of trespass thereon; and further directed the defendant to show cause, if any it could, before the presiding Judge of the Court of Common Pleas at Lexington County, S. C., on the 10th day of November, 1924, why it should not be enjoined and restrained from entering upon the premises of the plaintiff and condemning the said right of way through her premises.

At that hearing the presiding Judge, Hon. T. F. McDow, a Special Judge, heard the rule, found the return of the defendant was sufficient, dissolved the temporary restraining order, and dismissed the complaint.

From the rule of Special Judge McDow the plaintiff appealed, and the Supreme Court reversed the decree of Judge McDow on the grounds that he, being a Special Judge, could not hear the matter out of Lexington County, and the matter was referred back to Edgefield County.

Afterward the defendant's attorney moved before Hon. J. W. DeVore, Judge of the Eleventh Judicial Circuit, who issued the order, to make the restraining order and rule heretofore issued by him returnable before the presiding Judge of the Eleventh Judicial Circuit, and Judge DeVore granted the motion and made the rule returnable before me on the 26th day of October, 1925, stating in his order that he would be out of the circuit at the time, holding Court in the circuit to which he had been assigned. A notice of the motion was served on plaintiff's attorney.

The case was docketed on Calendar 2, at the request of plaintiff's attorney, and upon the call of the case plaintiff's attorney moved that the matter be transferred to Calendar 3 and that the plaintiff be allowed to take judgment by default. This motion was refused, as I hold that I am hearing the matter on the order and rule as issued by Judge De-Vore. After argument, and hearing the matter fully discussed, I am not impressed with plaintiff's grounds for the necessity of an injunction; no acts of capriciousness, oppression, bad faith or abuse of discretion are alleged, and I cannot sustain the allegation of plaintiff that her property would be taken without due process of law or just compensation, as both the method of determining the compensation and for the condemnation of the land is fixed by statute. The Town of Edgefield, S. C., in conformity with Section 4500 of Volume 3 of the Code of 1922, served notice upon plaintiff, as landowner, that certain of her land was required for a street in the said town, setting out the right of way, naming commissioners to assess damage and fix compensation, and requiring her to appoint six commissioners on her part for a like purpose. The defendant appears to have complied with the statute in such matters, which said statute gives the defendant full power to condemn for the purposes stated therein and provides the method of determining and fixing the value of such lands and assessing damages by reason of the opening of said street. Where a statute provides the manner in which damages, like the case at bar, are fixed or recoverable, such remedy is exclusive. The decisions of this State are numerous on this point and appear to be of one accord.

It is a well-established principle and rule that, where one has a full and adequate remedy at law, equity will not interfere; and I hold in this case that the plaintiff has a full and complete remedy at law as provided by the statutes. The plaintiff in her complaint admits that she has made an offer of sale of her premises, as set out in the notice. This

being so, it appears that the statute provides a clear and expeditious manner of determining the value, and equity will not interfere where such a method is provided by law.

Plaintiff's attorney argued to the Court that defendant had admitted Paragraph 2 of the complaint; the record clearly shows that Paragraph 2 was not admitted by defendant, but, on the other hand, this paragraph furnishes most of the case. Defendant's counsel stated in open Court that "Paragraph 2," as used in the second paragraph of the return, was purely a typographical error, which is entirely evident from 'the context of the pleading and record; and, further, it was called to the attention of the Court by defendant's attorney that Paragraph 1 of the complaint had two subdivisions which caused the confusion:

It is, therefore, ordered, adjudged, and decreed that the return of the defendant is sufficient, that the complaint herein be dismissed, and that the temporary restraining order be, and the same is hereby, revoked and dissolved; and it is further ordered that the plaintiff have ten days from the rising of this Court in which to answer the notice served upon her by said defendant.

Let the entire record, with this order, be filed with the Clerk of Court for Edgefield County, S. C.

*Mr. Barnard B. Evans,* for appellant, cites: *Error to dissolve temporary injunction upon affidavits:* 54 S. C., 473; 67 S. C., 93. *Action for injunction equitable:* 79 S. C., 269; 8 Rich. Eq., 46; 54. S. C., 473; Sec. 4499, Vol. 3; Code, *empowers purchase of property necessary for extension of streets;* Sec. 4500, Vol. 3, *authorizes condemnation proceedings only when the owner refuses to sell or price is excessive. Where such proceedings contested, rights should be determined by Court:* 73 S. C., 554. *Hearing of motion on wrong calendar not prejudicial to rights of defendants:* 73 S. C., 178; 62 S. C., 274. *Under Sec.* 400, *Civ. Code, only pleading on part of defendant is demurrer or answer:*

Sec. 526, *Id.*, judgments; Sec. 535, *Id.* *Docketing causes default:* 65 S. C., 129; 89 S. C., 483; 93 S. C., 487. *Failure to allow testimony to be given:* 129 S. E., 207. *Measure of proof required to sustain allegations of abuse of discretion:* 103 S. C., 536, 537; 99 S. C., 134–141. *Issue raised by condemnation notice:* 73 S. C., 556. *No right of way appropriated without compensation to owner:* Art. I, Sec. 17, Const. S. C., 1895. *Right to condemn land:* Const. S. C., 1895, Art. 9, Sec. 20; 66 S. C., 438; 86 S. C., 405, 406; 94 S. C., 203; 96 S. C., 28.

*Mr. T. B. Greneker,* for respondent, cites: *Section 4499, Vol. 3, Code, empowers town or city officials to purchase property necessary for extension of streets. Section 4500 authorizes condemnation proceedings if owner refuses to sell or price is excessive. Object of statute to expedite settlement of such cases:* 64 S. C., 438. *Provides specific remedy, is exclusive, and injunction will not be granted to enjoin special statutory proceeding:* 53 S. C., 577; 47 S. C., 484; 64 S. C., 457; 64 S. C., 440; 74 S. C., 539; 88 S. C., 118; 9 S. C., 308. *Discretion in taking advantage of condemnation statute rests with city officials and Courts will not interfere with exercise of such power:* 13 R. C. L., 82. *Bad faith or abuse of discretionary powers necessary to justify injunction:* 83 S. C., 396; 71 S. C., 482. *Equity will not afford relief where there is an adequate remedy at law:* 14 R. C. L., 497. *Before granted it must appear that injunction is necessary to protect legal rights of plaintiff:* 87 S. C., 568; 81 S. C., 392; 88 S. C., 118. *Injury must be of a peculiar nature so that money cannot compensate for it:* 14 R. C. L., 346. *Failure to uphold condemnation power would defeat legislative intent:* 88 S. C., 121; 87 S. C., 566.

September 15, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

It is the judgment of this Court that the decree of Hon. T. J. Mauldin, Circuit Judge herein, be, and the same is hereby, affirmed. It is provided, however, that the appellant shall be allowed ten days, from the filing of the remittitur herein with the Clerk of Court of Common Pleas for Edgefield County, to answer the notice served upon her by the Town of Edgefield, requiring her to select commissioners.

MESSRS. JUSTICES COTHRAN and STABLER and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.

MR. JUSTICE WATTS dissents.

MR. CHIEF JUSTICE GARY did not participate.